Filed 4/6/21  P. v. Phillips CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDWIN PHILLIPS,<br><br>    Defendant and Appellant. | B304857<br><br>(Los Angeles County<br> Super. Ct. No. BA455160) |

APPEAL from an order of the Superior Court for Los Angeles County, Sergio C. Tapia, II, Judge.  Affirmed.

Adrian K. Panton, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Toni R. Johns Estaville and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

In a prior appeal, defendant Edwin Phillips appealed from his conviction of one count of indecent exposure with a prior. (Pen. Code,[1] § 314, subd. (1).) We conditionally reversed the judgment and remanded the matter to the trial court with directions to conduct a mental health diversion eligibility hearing under section 1001.36. We directed that if the court found that the statutory criteria were met, it could grant diversion and, if defendant successfully completed diversion, the court must dismiss the charges; but if the court found the statutory criteria were not met, or if defendant did not complete diversion, the judgment must be reinstated.

On remand, the trial court held the hearing as directed, but at the hearing defendant in effect withdrew his consent to diversion and did not present any evidence. The trial court found the statutory criteria were not met and declined to grant diversion. Defendant now appeals from that ruling, arguing that the trial court's findings were not supported by substantial evidence. We conclude that by withdrawing his consent to diversion, defendant forfeited any challenge to the trial court's ruling declining to grant diversion. Accordingly, we affirm the order.

## BACKGROUND

The facts of defendant's crime are not material to this appeal. Suffice to say that in early 2017 defendant was charged with one felony count of indecent exposure with a prior (§ 314, subd. (1)) and a

---

[1] Further undesignated statutory references are to the Penal Code.

2

misdemeanor count of assault and battery (§ 242). During pretrial, a question was raised regarding defendant's mental competence, and a psychiatrist appointed to evaluate him found that defendant was competent to stand trial. However, the psychiatrist found that defendant qualified for a diagnosis of exhibitionistic disorder and polysubstance use disorder. On September 11, 2017, defendant pleaded nolo contendere to the indecent exposure count and was sentenced to the upper term of three years, with execution of the sentence suspended, and was placed on probation. Probation was conditioned on defendant serving 356 days in county jail; he was given credit for 193 days of actual custody and 162 days of good time/work time credit (for a total of 355 days).

Defendant appealed from the judgment, raising a single issue: whether section 1001.36, which was enacted after his conviction and gives trial courts discretion to order pretrial diversion for defendants with mental health issues under certain circumstances, applies retroactively to cases in which judgment had been entered but was not yet final. We concluded that section 1001.36 does apply retroactively, and we conditionally reversed the judgment and remanded to the trial court with directions to conduct a mental health diversion eligibility hearing. We issued our opinion on June 4, 2019.

On April 22, 2019, while his appeal was pending, defendant was found in violation of his probation. On May 8, 2019, the trial court revoked probation and imposed the previously suspended sentence. He was given credit for a total of 688 days. Two days later, defense counsel asked the court to recall the sentence and continue the matter until

3

defendant amassed enough credit so he would remain in county jail until his release. The court agreed, recalled the sentence and put the matter over to April 30, 2020 for sentencing.

As noted, we issued our opinion in defendant's appeal from the judgment on June 4, 2019. Remittitur issued on August 6, 2019. The hearing on remand was continued several times; on November 6, 2019, defense counsel asked that the matter be put over to December 17, 2019, when defendant would have accrued enough credits to be released upon imposition of the previous sentence. The court agreed and continued the hearing.

At the December 17, 2019 hearing, the trial court asked defense counsel if he wanted to be heard on the remittitur. Counsel responded: "No, Your Honor. I've talked with Mr. Phillips about it previously. I think at this juncture, Your Honor, if Mr. Phillips were to participate in a [diversion] counseling [program], . . . that would prolong his commitment to the court. He's already, I believe, served the requisite amount of time and so that would be our request."

The court then ruled as follows: "The court has reviewed the entire court file, all the reports associated with that file from Probation, as well as others. The court is not convinced that the underlying offense is related to any mental health issue as described in Penal Code section 1001.36. Moreover, it is unclear to this court that if there were an underlying issue related to the criminal conduct and actual treatment were available, that Mr. Phillips would avail himself of [it] to resolve this issue. [¶] For those reasons, your requests under 1001.36 after full consideration are denied." After a discussion regarding

4

defendant's custody credits, the court concluded that defendant had served his entire sentence and ordered him released to parole.

Defendant timely filed a notice of appeal from the order denying diversion.

## DISCUSSION

Defendant contends on appeal that the findings underlying the trial court's denial of mental health diversion were not supported by substantial evidence. He asserts that the court's finding that defendant's crime was not related to any mental health issue is contradicted by the record, citing our statement in our prior opinion that the psychiatrist appointed to evaluate him "found that he qualified for a diagnosis of Exhibitionistic Disorder (which would satisfy the first criterion under section 1001.36, subd. (b)(1)(A)." He also asserts that the trial court's finding that defendant would not avail himself of treatment if diversion were granted is pure speculation. We need not address whether substantial evidence supports those findings because defendant forfeited any challenge to the denial of diversion by requesting that the court *not* grant diversion.

Section 1001.36 is an unusual statute. While it gives a trial court the discretion to grant pretrial diversion to a qualifying defendant, the court may do so only if the defendant consents to it. (See § 1001.36, subd. (b)(1)(D) [statutory criteria required to grant diversion includes that "[t]he defendant consents to diversion"].) By asking the court *not* to grant diversion, defendant in effect withdrew his consent to diversion, thus rendering him ineligible for diversion. In short,

5

defendant not only acquiesced to the court's ruling, he ensured it.  He cannot now be heard to complain that the ruling was improper.  (*People v. Saunders* (1993) 5 Cal.4th 580, 589-590 [""An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been, but was not, presented to the lower court by some appropriate method . . . .  The circumstances may involve such intentional acts or acquiescence as to be appropriately classified under the headings of estoppel or waiver"""].)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, J.

We concur:


MANELLA, P. J.                    COLLINS, J.